1 **WO**

2

3

4

5

6 ## IN THE UNITED STATES DISTRICT COURT

7 ## FOR THE DISTRICT OF ARIZONA

8

9 Clerisy Corporation, et al.,     )   CV 12-2110-PHX-PGR

10      Plaintiffs,     )

11 v.     )   **ORDER**

12 Airware Holdings, Inc., et al.,     )

13      Defendants.     )

14

15 Before the Court is Plaintiffs' motion to dismiss all claims and counterclaims without

16 prejudice. (Doc. 109.) Defendants have filed a cross-motion for attorneys' fees and costs.

17 (Doc. 110.) For the reasons set forth herein, the Court will grant Plaintiffs' motion to dismiss

18 and deny Defendants' cross-motion.

19 ## BACKGROUND

20 Plaintiff Reed Transition Technologies, LLC, owns a patent for an "Apparatus for

21 and Methods of Administering Volatile Substances into an Inhalation Flow Path." Plaintiff

22 Clerisy Corp. manufactures, markets, and distributes Aromahaler® Nasal SoftStrips™ using

23 the patented apparatus. Defendants market, sell, and distribute "AIR" branded nasal

24 products, which, like the Nasal SoftStrips, are infused with essential oils.

25 Plaintiffs filed a complaint in the Western District of New York alleging that

26 Defendants are infringing the Patent. The case was transferred to the District of Arizona on

27 Defendant's motion. Plaintiffs filed an amended complaint, and Defendants filed an answer

28 and counterclaims.

The Court held a claim construction hearing and, on July 23, 2013, issued an order largely adopting the constructions proposed by Plaintiffs. (Doc. 102.)

On September 27, 2013, Plaintiffs filed the pending motion to dismiss under Rule 41(a)(2). (Doc. 109.) Plaintiffs state that they do not have the financial resources to continue litigating the case. (*Id.*)

## DISCUSSION

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water District v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996) (internal citation omitted). A court "should grant a motion for voluntary dismissal . . . unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Plaintiffs have executed a covenant not to sue Defendants. (Doc. 109, Ex. A.) They argue that the covenant extinguishes any case or controversy between the parties, so that the Court now lacks subject matter jurisdiction over any of the claims or counterclaims in this action, which therefore must be dismissed. The Court agrees. Under the broad covenant here, the adequacy of which Defendants do not dispute, Plaintiffs have met their burden of showing that they cannot reasonably be expected to sue, thereby mooting the case. *See Already, LLC v. Nike*, 133 S. Ct. 721, 726 (2013); *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed.Cir. 2010).

Defendants do not oppose dismissal or contend that they will be prejudiced. However, they ask the Court to condition dismissal on Plaintiffs' reimbursement of Defendants' attorney's fees and costs pursuant to Rule 41(a)(2) or under 28 U.S.C. § 1927, which provides for the imposition of fees and costs against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The Court concludes that Defendants are not entitled to attorneys' fees under either Rule 41(a)(2) or § 1927.

1

### 1.   Rule 41(a)(2)

2      Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the

3   opposing party serves either an answer or a motion for summary judgment, or the parties

4   stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request

5   only by court order, on terms that the court considers proper." Fed. R .Civ. P. 41(a)(2). A

6   motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a

7   defendant can show that it will suffer some plain legal prejudice as a result of the dismissal.

8   *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). As noted, Defendants do not make such

9   a showing.

10      A court has the discretion to condition a dismissal without prejudice upon the payment

11   of "appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d

12   94, 96 (9th Cir. 1996). The payment of fees is not, however, a prerequisite to a Rule 41(a)

13   dismissal. *Stevedoring Servs. of Am. v. Armilla Intern. B. V.,* 889 F.2d 919, 921 (9th Cir.

14   1989) (explaining that "no circuit court has held that payment of the defendant's costs and

15   attorney fees is a prerequisite to an order granting voluntary dismissal"); *see Westlands*, 100

16   F.3d at 97 ("Imposition of costs and fees as a condition for dismissing without prejudice is

17   not mandatory.").

18      In arguing for an award of fees under Rule 41(a)(2), Defendants assert that "in cases

19   where the litigation has proceeded to the point that the defendant has incurred significant fees

20   and costs, the courts ordinarily condition a dismissal without prejudice on the plaintiff's

21   reimbursement of the defendant's fees and costs incurred during the litigation." (Doc. 110

22   at 8.) In support of this position Defendants rely on *McCants v. Ford Motor Co.*, 781 F.2d

23   855 (11th Cir. 1986). There, the Eleventh Circuit stated that "[a] plaintiff ordinarily will not

24   be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant

25   has been put to considerable expense in preparing for trial, except on condition that the

26   plaintiff reimburse the defendant for at least a portion of his expenses of litigation."

27   *McCants*, 781 F.2d at 860.

28

1

2

3

4

5

6

7

8

9

10

Defendants' argument is not persuasive in the light of Ninth Circuit law. In *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993), the court held that "Fed.R.Civ.P. 41(a)(2) in itself is not 'specific statutory authority' for the imposition of sanctions against an attorney." Thus, this Court must have an "independent basis" to impose fees and costs as a condition of voluntary dismissal. *Chavez v. Northland Group*, No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *3 (D.Ariz. February 1, 2011) (citing *Heckethorn,* 992 F.2d at 242); *see Chang v. Pomeroy*, No. CIV-S-08-657-FCDS-DAD-PS, 2011 WL 618192, at *1 (E.D.Cal. Feb. 10, 2011) (explaining that "a court cannot impose fees and costs as a condition of voluntary dismissal absent some basis other than the mere fact of the plaintiff's request for Rule 41(a)(2).").

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

While the Court agrees with Defendants that it retains the discretion to condition dismissal on an award of attorneys' fees, it finds no basis to do so here. A fee award is particularly inappropriate in this case, given that Plaintiffs' have executed a covenant not to sue. Defendants face no threat of future, duplicative litigation. "The covenant not to sue precludes the possibility of relitigation of this matter, and therefore an award of fees and costs, which is designed to protect defendants from the expense of defending an action again, is not required." *Furminator, Inc. v. Ontel Products Corp.*, 246 F.R.D. 579, 596 (E.D.Mo. 2007); see *Gap, Inc. v. Stone Intern. Trading, Inc.*,169 F.R.D. 584, 589 (S.D.N.Y. 1997) ("The Gap's offer of a covenant not to sue obviates the need to reimburse the defendants on this ground, however, since there is no possibility of relitigation."); *see also Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985) ("The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him.").

26

27

The Court will next consider the argument that 28 U.S.C. § 1927 provides a basis for the recovery of Defendants' attorneys' fees.

28

- 4 -

1

**2.  28 U.S.C. § 1927**

2

3

4

5

6

A court may impose sanctions against an attorney under 28 U.S.C. § 1927, which provides that, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

7

8

9

10

11

12

13

14

15

16

17

Sanctions may be imposed under § 1927 where there is a finding of bad faith or recklessness. *See Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Bad faith is assessed "under a subjective standard. Knowing or reckless conduct meets this standard." *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121–22 (9th Cir. 1991). "[T]he term 'vexatious' has been defined as 'lacking justification and intended to harass.'" *Terrebonne, Ltd. of California v. Murray*, 1 F.Supp.2d 1050, 1055 (E.D.Cal.,1998) (quoting *Overnite Transp. Co. v. Chicago Ind. Tire Co.*, 697 F.2d 789, 795 (7th Cir.1983)). Courts have characterized § 1927 as imposing an "extreme standard, *White v. American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990), which should be "sparingly applied," *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994).

18

19

20

21

22

23

24

Defendants asserts that Plaintiffs' pursuit of their patent infringement claims was vexatious and unreasonable because "[t]he evidence has established at every stage of this case that AirWare's accused products do not incorporate any 'barrier' that prevents the essential oil molecules on the device from coming into contact with the user's skin."[1] (Doc. 110 at 9.) According to Defendants, therefore, Plaintiffs pursued the claims despite knowing that Defendants' product did not infringe the patent. Defendants recount the following events

25

26

27

[1] The patent claimed both a "carrier," defined as "[t]he portion of the vehicle or device that carries or provides at least one volatile substance," and a "barrier," "[t]he portion of the vehicle or device that prevents contact between the skin and the volatile substance." (*See* Doc. 102 at 5.)

28

- 5 -

1 in support of their argument that Plaintiffs were aware that Defendants' products did not

2 contain a barrier.

3        – Before filing suit, Plaintiffs and their attorneys obtained samples of Defendant

4 AirWare's products "and should have known then that the products did not have a barrier."

5 (Doc. 110 at 5.)

6        – On August 10, 2012, two weeks after Plaintiffs filed their complaint, and again on

7 August 24, AirWare's counsel sent Rule 11 notice letters to Plaintiffs' counsel stating that

8 the accused products "do not include a barrier as required in the '982 patent" and demanded

9 that Plaintiffs dismiss the suit. (Doc. 111, Ex's G, H.)

10        – On July 25, 2013, AirWare's founder, David Dolezal, testified at his deposition

11 that there is no "structure or part of the accused products that prevent the molecules of the

12 essential oils from coming into contact with the inside of the nose" and that molecules of the

13 essential oils do in fact come into contact with the skin. (*Id.*, Ex. B at 71.)

14        – On August 16, 2013, Michael Doll, AirWare's Rule 30(b)(6) witness, testified that

15 nothing in the accused products prevents the oil molecules from contacting the skin of the

16 user. (*Id.*, Ex. I.)

17        Plaintiffs counter that they have acted reasonably and in good faith because the

18 infringement of their patent by Defendants' products was genuinely in dispute. Plaintiffs

19 contest Defendants' argument that the absence of a barrier in their products was an

20 "unequivocal" fact and known to Plaintiffs from the outset of the case. Plaintiffs assert that

21 the following facts support their position.

22        – Before the lawsuit was filed, AirWare's CEO, Jeffrey Rassás, represented to

23 Plaintiff Clerisy's CEO and President, Dr. Mary Maida, that the Accused Products were

24 designed and manufactured so that the essential oils on the Accused Products did not touch

25 the skin or inside lining of the nose. (*See* Doc. 114.)

26        – In the parties' Joint Case Management Report, filed on January 14, 2013,

27 Defendants represented that "whether Defendants are directly and/or inducing and/or

28

contributing to the infringement of at least one valid claim of the '982 Patent" was "genuinely in dispute." (Doc. 71 at 11.) In the report Plaintiffs set forth their position with respect to the presence of a barrier in Defendants' products, recounting the information received from Mr. Rasáss:

> Airware's CEO, Jeffrey Rassás, confirmed to Clerisy's President and CEO, Dr. Mary Maida, before this lawsuit was filed that AirWare's products were specifically designed and manufactured so that essential oils do not touch the skin or the inside lining of the nose. Mr. Rassás acknowledged that when AirWare was designing its infused products, there was a concern about the essential oils touching the inside of the nose, due to irritation of the skin. Because of this concern, Mr. Rassás stated that AirWare's products were designed and manufactured so that there are no essential oils on the ring that touches the inside of the nose, and that the essential oils in the products do not touch the skin in any way.

(*Id.* at 5.) Defendants generally denied infringement but did not respond to this allegation specifically. (*Id.* at 8.)

– The Court's claims construction order rejected Defendants' narrow construction of the term barrier, concluding that the patent did not require the presence of "distinct" barrier and carrier layers. (Doc. 102 at 7–9.)

– It was only after the order was issued that Defendants offered their argument that molecules of the essential oils come into contact with the skin.

– Defendants have offered no technical documents in support of the argument that their products do not include a barrier.

– Although they now assert that it was unequivocal that their products did not include a barrier, Defendants never filed a motion for summary judgment of non-infringement.

– In September 2013, when the parties discussed a mutual dismissal of all claims and counterclaims, Defendants refused to execute an affidavit stating: "When Airware's infused products . . . are placed in a user's nasal passage, the essential oils contained on such infused products come into direct contact with the inside lining of the user's nasal passage." (Doc. 114, ¶¶18–20; Ex. B.)

- 7 -

1
2
3
4
5
6
7
8
9
10
11
12

Given this record, the Court cannot conclude that Plaintiffs' attorneys pursued their infringement claims recklessly or in bad faith. Plaintiffs' claims were not frivolous, nor was its pursuit of them vexatious or intended to harass. *See In re Keegan Mgmt. Co., Secs. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996); *Seirus Innovative Accessories, Inc. v. Cabela's, Inc.*, No. 09-CV-102-H (WMC), 2011 WL 10976624, at *4 (S.D.Cal. Aug. 29, 2011). Defendants' allegations of bad faith are based on their contention that Plaintiffs pursued their infringement claims despite knowing the claims were without merit due to the lack of a barrier in Defendants' products. However, at this point there has been no determination concerning the merits of Plaintiffs' claims; nor would a finding that the claims lacked merit be sufficient for sanctions under § 1927 without a finding of subjective bad faith. *Id.*; *see McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) ("Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case.").

13
14
15
16
17
18

In any event, the record is ambiguous with respect to the infringement claims. While Defendants contend that the lack of a barrier in its products is an unequivocal fact, this assertion is based solely on their representation that "molecules" of the essential oil—presumably in a gaseous rather than liquid form—do come into contact with the skin. It is not clear to the Court whether this representation actually establishes the absence of a barrier, as that term has been construed by the Court.

19
20
21

The Court concludes that Plaintiffs' attorneys have not pursued their claims in bad faith or multiplied the proceedings unreasonably and vexatiously. Therefore, sanctions are not warranted under § 1927.

22

## CONCLUSION

23
24

For the reasons set forth above, this matter will be dismissed without prejudice. Defendant's cross-motion for attorneys' fees is denied.

25

Accordingly,

26
27

IT IS HEREBY ORDERED GRANTING Plaintiffs' motion to dismiss (Doc. 109). The case is dismissed without prejudice.

28

1   IT IS FURTHER ORDERED DENYING Defendants' cross-motion for attorneys'

2 fees (Doc. 110).

3   IT IS FURTHER ORDERED DENYING as moot Defendants' motion to compel

4 responses (Doc. 95), Plaintiffs' motion to compel (Doc. 97), Plaintiff's motion for a

5 protective order (Doc. 107), and Plaintiffs' motion to file a surreply (Doc. 117).

6   IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment

7 accordingly.

8   DATED this 3rd day of December, 2013.

9

10

11  Paul G. Rosenblatt
  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28